# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| AUSTIN M. LEWIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE GROUP BENEFIT SOLUTIONS,<br><br>　　　　Defendant. | CASE NO.: 2:25-cv-07653-DCN<br><br>**COMPLAINT**<br>(Disability Insurance ERISA) |

Plaintiff, complaining of Defendant, alleges and says as follows:

1. Plaintiff is an individual and resident of Dorchester County, South Carolina.
2. Defendant is a corporation organized and existing under the laws of a state other than South Carolina, doing business as a disability insurer in Charleston County, South Carolina.
3. In this matter Plaintiff seeks short term disability insurance benefits under E.R.I.S.A. plan pursuant to 29 U.S.C.S. § 1132(a)(1)(B).
4. The parties hereto, the subject matter hereof and all things and matters hereinafter alleged are within the jurisdiction of this honorable court, pursuant to 1132(a)(1)(B).
5. That at all times relevant hereto Plaintiff Austin M. Lewis was an employee of SiteOne Landscape Supply as Lead Yard Associate.
6. That at all times relevant hereto Plaintiff was insured against loss due to short-term disability under an insurance policy number SHD-0962873, issued by Defendant to SiteOne.
7. That the policy provides for benefits for short term disability for up to fifty-two (52) weeks if the Plaintiff (insured), "solely because of covered Injury or Sickness, is 1. unable to perform all of the material duties of his or her Regular Occupation, and 2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation".

8. On September 18, 2023, Plaintiff first became disabled due to symptoms of major depressive disorder, generalized anxiety disorder and seizure disorder.
9. On October 6, 2023, Defendant approved and paid Plaintiff's benefits through October 31, 2023.
10. Plaintiff appealed the decision to terminate his benefits and submitted additional documentation.
11. On March 15, 2025, Defendant approved and paid benefits through February 7, 2024.
12. Plaintiff appealed the termination of benefits.
13. On June 26, 2025, Defendant denied the appeal, based on the review of a medical director whose expertise did not include seizure disorder and without a vocational evaluation to determine if Plaintiff can perform **all of the material duties of his occupation**.
14. That Plaintiff timely appealed Defendant's denial of benefits and has exhausted his administrative remedies.
15. That Defendant's denial of benefits is arbitrary and capricious, having based its decision in flagrant disregard of the evidence provided by Plaintiff and his medical providers.
16. Plaintiff is informed and believes that he met the criteria for short-term disability benefits under the terms of the policy with Defendant far beyond the date they were terminated, February 7, 2024, and through the full fifty-two (52) weeks allowable.

## FOR A FIRST CAUSE OF ACTION
**(Failure to Pay Benefits Due)**

17. All prior allegations of this Complaint are realleged and incorporated herein by reference.
18. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to factors discussed by <u>Champion v. Black & Decker</u>, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C.S. § 1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan.
19. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might support Plaintiff's entitlement to

benefits then Plaintiff respectfully asks that, in the event of such finding that the court exercise its inherent power to remand Plaintiff's claim for "full and fair" review by the appropriate claim fiduciary Defendant.

20. Should the Court award Plaintiff any part of the relief requested, Plaintiff additionally prays for attorney's fees and costs pursuant to 29 U.S.C.S. § 1132(g).
21. As a direct and proximate cause of Defendant's unfair, wrongful, arbitrary and capricious denial of benefits, Plaintiff incurred and continues to incur damages and has incurred and continues to incur attorney's fees and costs.

WHEREFORE, having fully stated his complaint against the Defendants, Plaintiff prays for a declaration of entitlement to the remainder of the short-term disability insurance benefits he seeks pursuant to 29 U.S.C.S. § 1132(a)(1)(B)and attorneys' fees and cost pursuant to 29 U.S.C.S. § 1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which the benefits were payable through the time of judgment.

Respectfully submitted,

s/ *Oana D. Johnson*
Oana D. Johnson, Attorney at Law
Federal Bar No.: 11392
ROSEN HAGOOD, LLC
40 Calhoun St. Suite 450
Charleston, SC, 29401
Phone: (843) 203-4195
ojohnson@rosenhagood.com
*Attorney for Plaintiff*

This 17th day of July, 2025
Charleston, South Carolina